IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony G. Trappier, | ) C/A: 4:12-897-TLW-KDW |
| Plaintiff, | ) |
| vs. | ) |
| Margie B. Livingston, Magistrate Judge; Steven H. John, Magistrate Judge; Ricky Todd, Assistant Solicitor; Freddy Curry, DEU Agent; sued in their individual and official capacity, | ) REPORT AND RECOMMENDATION |
| Defendants. | ) |

Plaintiff, Anthony G. Trappier, ("Plaintiff"), is a federal prisoner in Federal Correctional Institution Williamsburg ("FCI Williamsburg") of the Bureau of Prisons ("BOP"), in Salters, South Carolina, who is proceeding pro se and *in forma pauperis*. Plaintiff brings this action pursuant to 28 U.S.C. § 1983, seeking monetary damages and injunctive relief.[1] The case is presently before the undersigned United States Magistrate Judge for report and recommendation following pre-service review, pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends that it be summarily dismissed, without prejudice and without issuance and service of process.

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provides a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417 (6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

I.       Background

   A.    Plaintiff's Allegations

Plaintiff filed this § 1983 action against Horry County Associate Chief Magistrate Livingston, Fifteenth Judicial Circuit Court Judge John,[2] Fifteenth Circuit/Horry County Assistant Solicitor Todd, and Surfside Beach Police Department Drug Enforcement Unit ("DEU") Officer Curry. *See* Compl., ECF No. 1. Plaintiff's claims arise from his October 16, 2008 traffic stop and arrest for Driving Under Suspension, 3rd offense (DUS 3rd)[3] by Officer Curry and other officers. ECF No. 1 at 2-3. Plaintiff alleges that, on March 28, 2011, attorney John Long entered a guilty plea on the DUS 3rd charge before Magistrate Livingston on behalf of Plaintiff but in his absence. *Id.* Plaintiff attaches various state court documents to his Complaint, indicating he challenges the legality of the traffic stop and the DUS arrest warrant, as well as the search of Plaintiff's person, vehicle, and residence that followed the traffic stop and led to the seizure of drugs and firearms for which Plaintiff was indicted and convicted on federal charges. *See* ECF Nos. 1-1. Attorney Long represented Plaintiff on those federal drug and firearms charges. *Id.* at 1. Plaintiff references an

---

   [2] Although Plaintiff identifies him as "Magistrate Judge" in his Complaint, the court takes judicial notice that Judge Steven H. John is a judge of South Carolina's Fifteenth Judicial Circuit Court in Horry County. *See* http://www.judicial.state.sc.us/ (last visited May 1, 2012), the official website of the Supreme Court of South Carolina. *See In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating).

   [3] In his Complaint, Plaintiff refers to his DUS charge as a second offense, as does Attorney Long in his March 29, 2011 letter to Plaintiff regarding the plea to the offense. ECF Nos. 1 at 2-4, 1-1 at 2. However, the copy of the arrest warrant that Plaintiff attached to his Complaint, as well as court records noted below, indicate the charge is a third offense. *See* ECF No. 1-1 at 8.

"Investigative Report" dated October 16, 2008, that states Officer Curry arrested Plaintiff on an outstanding warrant for DUS 3rd, but indicates the arrest warrant was issued October 17, 2008. *Id.* at 4.

Plaintiff alleges that on August 26, 2010, prior to Long's entry of the guilty plea on the DUS charge, Plaintiff moved to have Long relieved as his counsel in his federal criminal case. ECF No. 1 at 2. Plaintiff further alleges the following: he did not retain Long to represent him on the DUS charge; Long did not have authority to enter the guilty plea on his behalf; Plaintiff had no notice of the original hearing date on the DUS charge; Plaintiff is not guilty of the DUS charge; and the magistrate court's acceptance of the guilty plea, entry of a judgment of conviction, and sentence of Plaintiff to time served for the offense violated his constitutional right to due process. *Id.* at 2-3. Plaintiff alleges Long conceded there was a misunderstanding concerning his representation of Plaintiff on the DUS charge and an appeal of the magistrate court conviction was filed in the circuit court, on June 9, 2011. *Id.* at 3-4. Plaintiff alleges that the appeal was dismissed by Judge John because Plaintiff failed to appear in the Court of Common Pleas of Horry County on September 7, 2011 for his appellate hearing. *Id.* at 3. Plaintiff avers he did not appear because the State of South Carolina did not arrange transportation for Plaintiff to the appeal hearing, again resulting in a violation of Plaintiff's right to due process. *Id.* at 3-4.

B.     Pro Se and In Forma Pauperis Review

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996 ("PLRA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S.

319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Plaintiff filed this Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made when the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke*, 490 U.S. 319.

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Erickson*, 551 U.S. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

4

II.   Discussion

Plaintiff seeks both monetary damages and injunctive relief. *See* ECF No. 1 at 4. Plaintiff's claims for monetary damages against all Defendants in this case are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, the conviction and imprisonment must first be successfully challenged.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87; *see Edwards v. Balisock*, 520 U.S. 641, 646 (1997) (finding the preclusive rule of *Heck* extends to § 1983 claims challenging procedural deficiencies that necessarily imply the invalidity of the judgment). Plaintiff's challenge to his state court conviction for Driving Under Suspension 3rd Offense remains pending.[4] Therefore, because Plaintiff cannot allege the necessary

---

[4] As noted above, Plaintiff alleges that he was found guilty of the charge of DUS 2nd offense at a proceeding held in his absence on March 28, 2011 in the Horry County Magistrate Court. *See* ECF No. 1 at 2. Plaintiff alleges that a "Motion to Re-Open," filed by Attorney Long on June 9, 2011, was granted and the case was rescheduled for a hearing, on September 7, 2011. Plaintiff alleges that his "Motion for Dismissal of the case in it's Entirety" was prepared, but that his case was dismissed "for failure to prosecute." *See* ECF No. 1 at 3. The court takes judicial notice of Petitioner's prior state court proceedings. The Horry County Fifteenth Judicial Circuit Public Index Web site indicates that, on March 28, 2011, Plaintiff was convicted of "DUS/Driving under suspension, license not suspended for DUI - 3rd or sub. offense" (*i.e.* DUS 3rd offense) and was sentenced to "jail time served," after a guilty plea was entered on Plaintiff's behalf in a proceeding before Magistrate Livingston in Horry County Magistrate Court, in Case No. J321316. On May 26, 2011, Plaintiff's Appeal of his magistrate court criminal conviction was filed in the Fifteenth Judicial Circuit Court of Common Pleas of Horry County, in Case No. 2011-CP-26-04557. Plaintiff's appeal was dismissed on September 13, 2011 by Circuit Court Judge John. Plaintiff filed a motion for rehearing and/or notice of appeal in the Court of Common Pleas of Horry County, on October 4, 2011, and a second such motion, on March 15,

element of the illegality of his state court conviction, he cannot show a constitutional injury and cannot state a cognizable § 1983 claim at this time against any of the named Defendants in this case.

Plaintiff's claims for injunctive relief cannot be entertained by this court. Plaintiff requests that "the DUS 2nd (sic) offense be dismissed in it's (sic) entirety," that "all evidence pertaining to this offense be suppressed for poisonous fruit," that he "receive $1703.00 taken from [Plaintiff's] pants pocket," and that he "receive his van seized and auction[ed] off, in the amount of $10,424.00." ECF No. 1 at 4. Such relief is typically sought in the trial of a defendant's criminal case, through a direct appeal of the conviction and/or sentence in a defendant's criminal case, through a post-trial motion in defendant's criminal case, through an application for post-conviction relief in state court, through a petition for writ of habeas corpus in federal court, or through an ancillary proceeding following a defendant's acquittal in a criminal case. Absent extraordinary circumstances, a federal court must abstain from exercising federal jurisdiction when to do so would interfere with a pending state criminal proceeding. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that a federal court must abstain from enjoining a state criminal proceeding). The *Younger* abstention doctrine demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989).

In *Younger*, the United States Supreme Court held that a federal court should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of

---

2012.
　　These two motions for rehearing and/or notices of appeal are pending in the Fifteenth Judicial Circuit Court of Common Pleas. http://www.horrycounty.org/SCJDWEB/publicindex/PICaseDetails.aspx?County=26+&Casenum=2011CP2604557&CourtType=G&CaseType=Civil&CourtAgency=26002&LastName=Trappier&FirstName=Anthony (last visited May 10, 2012).

circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). The *Younger* Court noted that courts of equity should not act unless the moving party has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger*, 401 U.S. at 43-44 (citation omitted). From *Younger* and its progeny, the United States Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Md. Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994) (citing *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Applying this test to the instant facts, as noted above, it appears that Plaintiff's motions for rehearing and/or notices of appeal of his March 28, 2011 conviction for DUS 3rd are pending in an ongoing state criminal appeal filed in the Fifteen Judicial Circuit Court of Common Pleas of Horry County, in Case No. 2011-CP-26-04557. *See* note 4, above. The second criterion has been addressed by the United States Supreme Court's statement that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). With regard to the third criterion, the United States Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a 'fair and sufficient opportunity for vindication of federal constitutional rights.'" *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). *See also Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006).

Also, the Anti-Injunction Act, 28 U.S.C. § 2283, expressly prohibits this court from enjoining Plaintiff's state court proceedings. *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). In *Bonner*, the Eighth Circuit pointed out that federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review." *Id.*; *see also D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (federal courts cannot review state court proceedings in an appellate sense); *Gurley v. Superior Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 (4th Cir. 1969) (federal courts may not issue writs of mandamus against state courts).[5]

Thus, in the instant case, it would be improper for this court to grant the injunctive relief requested by Plaintiff on federal constitutional grounds, because the criminal appeal involving the challenged state prosecution of Plaintiff was pending at the time Plaintiff initiated this federal case and remains pending. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by

---

[5] To the extent that Plaintiff attempts to appeal the judgment of the Court of Common Pleas of Horry County, Plaintiff cannot do so in this federal district court. Appeals of state court decisions must be pursued through the state appellate courts and then directly to the United States Supreme Court. Under 28 U.S.C. § 1257, the United States Supreme Court is the only federal court with general statutory jurisdiction to review state-court judgments. *See D.C. Ct. of Appeals v. Feldman*, 460 U.S. at 476-82 (a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257). Since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right. *See Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997). Under provisions conferring jurisdiction on federal district courts, such as 28 U.S.C. §§ 1331, 1332, and 1334, this court's jurisdiction is original, not appellate, and no statute conferring appellate jurisdiction on federal courts of appeals provides for review of state-court decisions.

federal courts." *Younger*, 401 U.S. at 43. *See also Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49 (4th Cir. 1989). In *Cinema Blue*, the Fourth Circuit ruled that federal district courts should abstain from constitutional challenges to state judicial proceedings, no matter how meritorious, if the federal claims have been or could be presented in an ongoing state judicial proceeding. *Id.* at 52. Plaintiff is not foreclosed from raising his constitutional objections to the state court prosecution of his DUS 2nd or 3rd offense and having them ruled on by the state circuit court in Plaintiff's ongoing appeal of his state criminal prosecution. This court cannot remove the authority to rule on such an objection from the state court having jurisdiction over Plaintiff's state criminal case.

In addition, Plaintiff's claims in this case against Magistrate Livingston and Judge John are barred by the doctrine of absolute judicial immunity. A judicial officer in the performance of his or her duties has absolute immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). This immunity extends to judges of courts of limited jurisdiction, such as municipal and magistrate court judges. *Figueroa v. Blackburn*, 208 F.3d 435, 441-43 (3d Cir. 2000). Further, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Judicial immunity is not pierced by allegations of corruption or bad faith. *Bradley v. Fisher*, 80 U.S. 335, 247 (1871) ("Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed"); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("immunity applies even when the judge is accused of acting maliciously and corruptly"); *Burns v. Reed*, 500 U.S. 478 (1991) (safeguards built into the judicial system tend to reduce the need for private damages actions as a means of controlling unconstitutional conduct). Judicial immunity is an immunity from suit, not just from ultimate assessment of damages. *Mireles*, 502 U.S. at 11.

9

There are two circumstances in which a judge's immunity from civil liability may be overcome. The exceptions are narrow in scope and infrequently applied. The first exception is when a judge engages in nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. *Id.*; *see Figueroa*, 208 F.3d at 440. The second exception involves actions that, though judicial in nature, are taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 12. Generally, "'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997). The United States Supreme Court offered the following example of the difference between an act in the absence of jurisdiction and an act in excess of jurisdiction:

> If a probate judge, with jurisdiction over only wills and estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his action; on the other hand, if a judge of a criminal court should convict a defendant of a nonexistent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Stump*, 435 U.S. at 357 n.7. The facts alleged in Plaintiff's Complaint show that the alleged wrongful acts of Magistrate Livingston and Judge John were judicial acts, performed in their judicial capacities, taken in a criminal case within the jurisdiction of their courts. Neither exception to the doctrine of absolute judicial immunity is applicable in the instant case. Thus, Magistrate Livingston and Judge John have absolute judicial immunity from Plaintiff's claims against them.

Additionally, with respect to Plaintiff's claim against Assistant Solicitor Todd, following a careful review of the Complaint, the undersigned finds no allegations of any kind, much less allegations of wrongdoing, on the part of Assistant Solicitor Todd. Under 28 U.S.C. § 1915(e)(2)(B)(I), this court should dismiss an action filed *in forma pauperis* by a plaintiff which is "frivolous or malicious." Because there are no allegations whatsoever of any wrongdoing on the

part of Assistant Solicitor Todd, Plaintiff's Complaint not only fails to state a claim on which relief may be granted by this court, it is "frivolous"as to this Defendant. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (finding dismissal proper when there were no allegations to support claim).

Finally, to the extent that Plaintiff claims he was injured by alleged erroneous proceedings and rulings made in the Horry County Magistrate Court and/or the Fifteenth Judicial Circuit Court of Common Pleas of Horry County, such rulings cannot be reviewed or set aside by the United States District Court for the District of South Carolina, under the *Rooker-Feldman* Doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).[6] This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine. To rule in favor of Plaintiff on his claims in connection with the state court proceedings would, necessarily, require this court to overrule (or otherwise find invalid) various orders and rulings made in the state court. The *Rooker-Feldman* Doctrine prohibits such a result. *See*, *e.g.*, *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293-94 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712, 719-20 (4th Cir. 2006).

III.    Recommendation

For the reasons discussed above, the undersigned recommends that the Complaint be summarily dismissed as to all Defendants without prejudice and without issuance and service of process. *See Denton v. Hernandez*, 504 U.S. 25; *Neitzke v. Williams*, 490 U.S. 319; *Haines v.*

---

[6] Because the *Rooker-Feldman* Doctrine is jurisdictional, it may be raised by the court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

*Kerner*, 404 U.S. 519; *Brown v. Briscoe*, 998 F.2d 201 (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d 70; *see also* 28 U.S.C. § 1915(e)(2)(B).

**Plaintiff's attention is directed to the important notice on the next page.**

IT IS SO RECOMMENDED.

May 11, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).